[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14124
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:10-cr-80049-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LASHAWN LORENZA ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 30, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Lashawn Lorenza Anderson appeals his sentence for being a felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Anderson contends that the district court violated his Fifth and Sixth Amendment rights by sentencing him to an enhanced term of imprisonment as an armed career criminal based on prior convictions that were not alleged in the indictment. He asserts that *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) prohibits a district court from making factual findings concerning the nature of a defendant's prior convictions. Anderson concedes, however, that his argument is foreclosed by precedent. For the reasons stated below, we affirm.

We review constitutional issues *de novo*. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008). In *Almendarez-Torres*, the Supreme Court explained that a prior conviction used to enhance a sentence is not an element of the offense, and, therefore, it need not be alleged in the indictment or found by a jury beyond a reasonable doubt. *Almendarez-Torres*, 523 U.S. at 226-27, 118 S.Ct. at 1222. Although *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and subsequent cases have cast doubt on the reasoning of *Almendarez-Torres,* we have explained that we will continue to follow *Almendarez-Torres* unless and until that case is expressly overruled by the Supreme Court. *See, e.g.. United States v. Greer*, 440 F.3d 1267, 1273-76 (11th

2

Cir. 2006); *Steed*, 548 F.3d at 978-80; *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005).

The Supreme Court's decision in *Shepard* holds that, in determining whether a prior conviction is a predicate felony for purposes of the Armed Career Criminal Act, the district court may only consider the statute of conviction, charging documents, any plea agreement or jury instructions, or similar judicial records. *Shepard*, 544 U.S. at 26, 125 S.Ct. at 1263. In *Greer*, we observed that *Shepard* did not bar district courts from determining whether a defendant's prior convictions are serious drug crimes or crimes of violence. *Greer*, 440 F.3d at 1275. Instead, *Shepard* merely "restricts the sources or evidence that a judge (instead of a jury) can consider in making that finding." *Id.* Thus, the holding in *Shepard* did not affect the continuing validity of *Almendarez-Torres*.

In this case, the district court did not violate Anderson's constitutional rights by sentencing him as an armed career criminal. Because Anderson's prior convictions were not elements of his offense, they did not have to be charged in the indictment. *See Almendarez-Torres*, 523 U.S. at 226-27, 118 S.Ct. at 1222. Anderson correctly concedes that *Almendarez-Torres* remains the law of this Circuit until that case is expressly overruled by the Supreme Court. *See Greer*, 440 F.3d at 1273-76; *Steed*, 548 F.3d at 978-80; *Camacho-Ibarquen*, 410 F.3d at

3

1316 n.3. Moreover, we have explained that *Shepard* does not prohibit a district court from making factual findings about the nature of a defendant's prior convictions. *See Greer*, 440 F.3d at 1275. Accordingly, after review of the record and the parties' briefs, we affirm Anderson's sentence.

**AFFIRMED.**